**Kenneth L. Neeley #25899**
**James R. Tschudy #27039**
**Neeley Law Firm, PLC**
2250 E. Germann Road, Suite 11
Chandler, AZ 85288
Phone: 480.802.4647
Fax: 480.907.1648
Web: www.NeeleyLaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Brian Ludwig,<br>    Plaintiff<br><br>vs.<br><br>Certified Recovery Systems Inc.,<br><br>    Defendant | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Capital Management Systems, Inc. Plaintiff allege six (6) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA")

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collections to give debtors certain information and to abstain from communication when the debtor is represented by legal counsel. 15 U.S.C. §1692b, 1692e, 1692f, and 1692g.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

1

4. Venue and personal jurisdiction in this District are proper because:
   a. Defendant's collection communications were received by Plaintiff within this District;
   b. Defendant transacts business within this District.

## PARTIES

5. Plaintiff is an individual who resides in the District of Arizona
6. Defendant is a corporation chartered under the law of Texas.
7. Defendant is engaged in the business of a collection agency.
8. Defendant uses the mail and telephone to collect consumer debts originally owed to others.
9. Defendant is a debt collector as defined in the FDCPA. 15 U.S.C. §1692(a)(6).

## FACTS

10. Certified Recovery Systems, Inc. has been attempting to collect a debt from Santander Consumer USA. Santander alleges the amount of the debt owed is about $13,000.00. They allege that the amount owed is a deficiency for a repossessed vehicle.
11. The Defendant has been calling the Plaintiff continuously without giving the mini-Miranda warning.[1]
12. Upon information and belief, representatives for the Defendant were giving fake names to the Plaintiff and then being rude and hostile toward the Plaintiff. Plaintiff believes the Defendant uses these fake names to avoid potential repercussions.
13. The Defendant has also been extremely rude and very negative toward the Plaintiff. It was this rudeness which led to the Plaintiff ultimately retaining counsel.
14. The Defendant has also been threatening the Plaintiff with filing a lawsuit against him.

## COUNTS I THROUGH VI – FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff incorporates the allegations of paragraphs 1-14.
16. 15 U.S.C. §1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the

---

[1] The "Mini-Miranda" warning refers to the states that the communication is from a debt collector and that any information obtained may be used to collect the debt (for that purpose).

following conduct is a violation of this section: (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *15 U.S.C. §1692(d).*

17. 15 U.S.C. 1692e (3) states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (3) The false representation or implication that any individual is an attorney or that any communication is from any attorney. *15 U.S.C. 1692(e)(3)*

18. 15 U.S.C. 1692e(5) states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. *15 U.S.C. 1692(e)(5).*

19. 15 U.S.C. §1692e(11) states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communication that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. *15 U.S.C. §1692(e)(11).*

20. 15 U.S.C. §1692k(A)(1)(2) and (3) state: "(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow,, but not exceeding $1,000.0, (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." *15 U.S.C. §1692k(A)(1), (2) and (3).*

21. Defendant violated 15 U.S.C. §1692d by using rude and obscene language toward the Plaintiff.
22. Defendant violated 15 U.S.C. §1692e(3), 15 U.S.C. §1692(e)(4) and/or 15 U.S.C. §1692(e)(5) by threatening the Plaintiff with filing a lawsuit against the Plaintiff.
23. Defendant also violated 15 U.S.C. 1692e(11) by contacting the client continuously without giving the mini-Miranda warning.
24. Each of the approximately 6-10 phone calls was a violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692o.

WHEREFORE, Plaintiff prays that the Court enter judgment for damages in favor of Plaintiff and against defendant constituting:

(1) Statutory damages in the amount of $1,000;
(2) Compensatory damages of $24,000;
(3) Attorney's fees, litigation expenses and costs of suit, amount to be shown at trial;
(4) Such other and further relief as the Court deems proper.

DATED: January 26, 2012          Neeley Law Firm, PLC

/s/ Kenneth L. Neeley
Kenneth L Neeley
James R. Tschudy
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Please note that the Plaintiffs demand trial by jury in this action

/s/ Kenneth L. Neeley
Kenneth L Neeley
James R. Tschudy
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
*Attorneys for Plaintiffs*